UNITED STATES of America, Plaintiff–Appellee,

v.

GILA VALLEY IRRIGATION DISTRICT; Franklin Irrigation District; The Canal Companies within those Districts; and the class represented by the Gila Valley Irrigation District, Collectively the "Upper Valley Defendants"; San Carlos Irrigation & Drainage District; Asarco Inc., Defendants–Appellees,

v.

GILA RIVER INDIAN COMMUNITY, Plaintiff–intervenor–Appellant,

and

San Carlos Apache Tribe, Plaintiff-intervenor.

UNITED STATES of America, Plaintiff–Appellee,

v.

GILA VALLEY IRRIGATION DISTRICT, Defendant–Appellant,

and

San Carlos Irrigation & Drainage District, Defendant,

v.

GILA RIVER INDIAN COMMUNITY; San Carlos Apache Tribe, Plaintiffs–intervenors–Appellees.

UNITED STATES of America, Plaintiff–Appellee,

v.

GILA VALLEY IRRIGATION DISTRICT; San Carlos Irrigation & Drainage District, Defendants,

v.

GILA RIVER INDIAN COMMUNITY, Plaintiff–intervenor–Appellee,

and

San Carlos Apache Tribe, Plaintiff–Intervenor–Appellant.

UNITED STATES of America, Plaintiff,

v.

GILA VALLEY IRRIGATION DISTRICT, Defendant,

and

**San Carlos Irrigation & Drainage District, Defendant–Appellant,**

v.

**GILA RIVER INDIAN COMMUNITY, Plaintiff–intervenor–Appellee.**

Nos. 96–16003, 96–16121, 96–16123, 96–16705 and 96–16140.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1997.

Decided June 30, 1997.

L. Anthony Fines, Raven, Kirschner & Norell, Tucson, AZ, for defendants-appellees-appellants.

Robert L. Klarquist, United States Department of Justice, Environment and Natural Resources Division, Washington DC, for plaintiff-appellee.

Alfred S. Cox, Cox and Cox, Scottsdale, Arizona, for plaintiff-intervenor-appellant-appellee Gila River Indian Community.

Joe P. Sparks, John H. Ryley, Sparks, Tehan & Ryley, Scottsdale, AZ, for plaintiff-intervenor-appellee-appellant San Carlos Apache Tribe of Arizona.

Riney B. Salmon II, Salmon, Lewis & Weldon, Phoenix, AZ, for defendant-appellee San Carlos Irrigation & Drainage District.

Before: D. W. NELSON, BOOCHEVER and TROTT, Circuit Judges.

This is the latest iteration of a lawsuit originally brought by the United States in 1925 "seeking a determination of the rights and priorities of Indians and non-Indians to the waters of the Gila River." *United States v. Gila Valley Irrigation Dist.*, 961 F.2d 1432, 1433 (9th Cir.1992). The United States, acting on its own behalf and as trustee and guardian for the Pima and Apache Indians, negotiated a consent decree with private landowners that established the relative rights and obligations of Indian and non-Indian users of the Gila River. In 1935, the district court approved the Globe Equity Consent Decree, the meaning of which has been litigated ever since.[1]

The parties appeal from the district court's most recent decision in this case. *See United States v. Gila Valley Irrigation Dist.*, 920 F.Supp. 1444 (D.Ariz.1996). The Gila River Indian Community ("GRIC") and the San Carlos Apache Tribe appeal from the district court's interpretation of Article VIII. GRIC also appeals from the district court's decision concerning GRIC's diversion rights at Gila Crossing. Finally, the private landowners, known as the Upper Valley Defendants ("UVDs"), appeal from the district court's determination that water diverted under the Decree is to be used for agricultural irrigation only. We have jurisdiction under the Decree and pursuant to 28 U.S.C. § 1291.

We adopt the reasoning of the district court as it relates to the issues presented on appeal, and we affirm.

---

1. This court has interpreted the Decree on numerous occasions. *See United States v. Gila Valley Irrigation Dist.*, 31 F.3d 1428 (9th Cir.1994); *United States v. Gila Valley Irrigation Dist.*, 961 F.2d 1432 (9th Cir.1992); *United States v. Gila Valley Irrigation Dist.*, 959 F.2d 242 (9th Cir. 1992) (unpublished); *United States v. Gila Valley Irrigation Dist.*, 454 F.2d 219 (9th Cir.1972); *Gila Valley Irrigation Dist. v. United States*, 118 F.2d 507 (9th Cir.1941).